Filed 11/2/22  P. v. Rathe CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>VINCENT RATHE,<br><br>        Defendant and Respondent. | A164576<br><br>(Sonoma County Super. Ct. Nos. SCR-728578-1; SCR-743273-1; SCR 744040-1; SCR-744041-1) |

Between 2019 and 2021, defendant Vincent Rathe (Defendant) was charged with a number of mostly-theft-related offenses in four felony cases.[1] In December 2021, Defendant entered an open plea of no contest to the offenses charged in the four cases, as well as offenses in six misdemeanor cases.

The Probation Department filed a presentence report, recommending that probation be denied and that Defendant "be committed to the Sonoma County Jail for the term of nine (9) years and eight (8) months with seven (7) years suspended, during which time the defendant shall be subject to

---

[1] It is unnecessary for the purposes of the present appeal to detail the charges and the underlying facts.

1

Mandatory Supervision by the Probation Department . . ." The sentence recommended by the Probation Department would have required Defendant to spend two years eight months in jail, minus credit for 337 days spent in custody, followed by a seven-year period of mandatory supervision.

At the sentencing hearing in February 2022, rather than imposing the sentence recommended by the Probation Department, the trial court indicated its intent to impose a two-year eight-month term of "mandatory supervision" and "suspend[]" the remaining seven years of the sentence.[2] The court told Defendant that if he returned to his "drug and stealing ways" he was "going to be serving seven years in our jail." The prosecutor argued the court's sentence was not authorized by Penal Code section 1170, subdivision (h).[3] The trial court nevertheless proceeded to impose the sentence it had outlined, imposing a total term of nine years eight months, with two years eight months on mandatory supervision with the remaining seven years suspended. The People appealed on the ground that the sentence is unauthorized.

We agree the sentence imposed by the trial court is unauthorized. "In 2011, the Legislature enacted the Realignment Act, creating section 1170, subdivision (h), and realigning housing for certain felony convictions from state prison to local custody. Subdivision (h)(5) of section 1170 created the 'split sentence' which allows a defendant to serve a realigned sentence

---

[2] In fashioning its sentence, it appears the trial court was influenced by defense counsel's argument that Defendant had "turned around his life" and was "doing an incredibly good job." Counsel informed the court that Defendant had completed a residential drug treatment program, entered outpatient treatment, obtained a job, and moved in with his grandmother in San Francisco. Defendant had also become a father.

[3] All undesignated statutory references are to the Penal Code.

partially in local custody and partially on mandatory supervision by the probation department. (See § 1170, subd. (h).) Under this subdivision, *mandatory supervision is achieved by suspending execution of the concluding portion of the realigned sentence*." (*People v. Borynack* (2015) 238 Cal.App.4th 958, 963, fn. omitted (italics added); see also § 1170, subd. (h)(5)(B) ["The portion of a defendant's sentenced term that is suspended pursuant to this paragraph shall be known as mandatory supervision."]; Cal. Rules of Court, rule 4.415(a).)

The parties agree the trial court was without authority to impose a period of mandatory supervision followed by a suspended sentence. Under the statutory scheme, the period of mandatory supervision *is* the suspended portion of the sentence. The sentence is unauthorized and must be vacated.

On remand, the trial court is directed to resentence Defendant under current law. (*People v. Walker* (2021) 67 Cal.App.5th 198, 205–206.)

## DISPOSITION

The trial court's judgment is reversed and the matter is remanded for resentencing.

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A164576)